UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ABDOFARA,

    Plaintiff,

v.

ROBERT DUNLAP, et al.,

    Defendants.
_____/

Case No. 2:25-cv-10035
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 3)[1]

### I. Introduction

This is a prisoner civil rights case. Plaintiff Majid Abdofara, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the Wayne County Adult Detention Center. He filed a complaint naming Robert Dunlap, Alan Bulifant, Sumbera, Rose, Mitchell, Holman, Wilson, and Dennis as defendants, asserting claims under the Fourth, Eighth, and Twelfth Amendments. (ECF No. 1). Upon screening the complaint, the district judge entered an order of partial dismissal, dismissing Bulifant and plaintiff's claims under the Eighth and Twelfth

---

[1] The undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Amendments. (ECF No. 7). The district court further said that plaintiff's Eighth Amendment claim, which relates to alleged strip searches, falls under the Fourteenth Amendment because the Eighth Amendment does not apply to pretrial detainees. (*Id.*). The district court also found that although plaintiff purported to file the lawsuit on behalf of himself and others, he is the only proper plaintiff. (*Id.*). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 8).

Before the Court is plaintiff's motion for a temporary restraining order (TRO). (ECF No. 3). In his one-page motion, plaintiff seeks an order stopping all strip searches and an order directing the Michigan State Police to investigate Sumbera for alleged criminal acts. (ECF No. 3, PageID.29). For the reasons set forth below, the undersigned RECOMMENDS that the motion be DENIED.[2]

## II.   Legal Standard

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." For a TRO, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: "(A) specific facts in an affidavit or verified

---

[2] Motions for TRO/preliminary injunctions are dispositive, and thus undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

### III. Application

In the order of partial dismissal, the district judge directed service. This order was filed on April 15, 2025. (ECF No. 7). The Clerk's Office has yet to issue summonses for defendants. To date, no defendant has been served and no defendant has appeared in this case. Further, the docket does not reflect that plaintiff gave defendants notice of his request for a TRO. Nor did plaintiff certify in writing whether he tried to give defendants notice of his request for a TRO or explain why notice of his request should not be required.

Because plaintiff did not provide notice to defendants as required under Rule 65, the extraordinary relief of a TRO/preliminary injunction is unwarranted. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed

with.").

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that plaintiff's motion for a TRO, (ECF No. 3), be DENIED.

Dated: April 16, 2025          s/Kimberly G. Altman
Detroit, Michigan              KIMBERLY G. ALTMAN
                               United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

4

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2025.

                                                             s/Dru Jennings
                                                             DRU JENNINGS
                                                             Case Manager