UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ABDOFARA,

    Plaintiff,                                      Case No. 25-cv-10035
                                                         Honorable Linda V. Parker

v.

ROBERT DUNLAP, et al.,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**

Plaintiff, a pretrial detainee at the Wayne County Adult Detention Center, commenced this lawsuit against Defendants on January 6, 2025. (ECF No. 1.) On the same date, Plaintiff filed a motion for temporary restraining order ("TRO"). (ECF No. 3.) In his one-page filing, Plaintiff seeks an order stopping Defendants from conducting what he claims are unconstitutional strip searches. (*Id.*)

The matter has been assigned to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). On April 16, 2025, Magistrate Judge Altman issued a report and recommendation ("R&R") recommending that the Court deny Plaintiff's motion

for a TRO. (ECF No. 9.) Magistrate Judge Altman reasons that Plaintiff fails to show that he provided notice to Defendants of his motion. (*Id*. at PageID.46.)

At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at PageID.47-48.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at PageID. 47.) Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Altman. In addition to Defendants not having notice of the motion, Plaintiff fails to demonstrate in his filing that the relevant factors support a TRO: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent [an injunction]; (3) whether granting [the injunction] will cause substantial harm to others; and (4) whether the public interest would be served by [issuing the injunction]." *Ne. Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citing *Summit Cnty. Democratic Ctr. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000)). The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a TRO (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 14, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager