UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ABDOFARA,

    Plaintiff,

v.

ROBERT DUNLAP, et al.,

    Defendants.

_____/

Case No. 2:25-cv-10035
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION[1]
### TO GRANT DEFENDANTS' MOTION TO SEVER (ECF No. 21)
### AND
### DENY PLAINTIFF'S MOTION TO CONSOLIDATE CASES (ECF No. 24)[2]

I.    Introduction

This is a prisoner civil rights case. Plaintiff Majid Abdofara, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the Wayne County Adult Detention Center. He filed a complaint naming Robert Dunlap, Alan Bulifant, Sumbera, Rose, Mitchell, Holman, Wilson, and Dennis as defendants, asserting

---

[1] Due to defendants' request for dismissal of some of Abdofara's claims, the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Rouse v. Whitmer*, No. 20-12308, 2021 WL 1842147, at *1 (E.D. Mich. Apr. 20, 2021), *report and recommendation adopted*, 2021 WL 1837785 (E.D. Mich. May 7, 2021).

[2] The undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

claims under the Fourth, Eighth, and Twelfth Amendments.  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 8).

Before the Court are two motions: defendants' motion to sever the complaint (ECF No. 21) and Abdofara's motion to consolidate cases (ECF No. 24).  Defendants seek to sever what they say are improperly joined claims and to dismiss all claims except for the claim against former Corporal Frank Sumbera.  Abdofara seeks to consolidate this case with another case he filed in this district, *Abdofara v. Wayne County Sheriff's Office et al.*, Case No. 2:24-cv-12017.  For the reasons set forth below, the undersigned RECOMMENDS that defendants' motion be GRANTED and Abdofara's motion be DENIED.  If this recommendation is adopted, the case would proceed against Sumbera on Abdofara's claim that Sumbera assaulted him based on his ethnicity in violation of the Fourteenth Amendment and Abdofara's claims against Rose, Mitchell, Holman, Wilson, and Dennis would be DISMISSED WITHOUT PREJUDICE.

II.     Background

Abdofara filed his complaint on January 6, 2025.  (ECF No. 1).  On April 15, 2025, the district court entered an order of partial dismissal and directed service on the defendants.  (ECF No. 7).  The district court summarized Abdofara's

2

allegations as follows:

According to the Complaint, Defendant Corporal Sumbera physically attacked Plaintiff on October 25, 2024. Sumbera denied Plaintiff breakfast and threatened to harm him. Plaintiff maintains that Sumbera's actions were motivated by Plaintiff's Arab American ethnicity. Plaintiff claims that Defendant Commander Bulifant failed to ensure that his grievance regarding Sumbera's assault was properly investigated, despite promising to investigate why the grievance had not been processed.

Plaintiff alleges that Defendant Robert Dunlap neglected his duties as "chief of jails and courts" when he failed to respond appropriately to Plaintiff's grievance about Sumbera's assault. When Plaintiff told Dunlap about the assault and complained that his grievance had been ignored, Dunlap replied, "You must not know who I am. I'm the chief. If he put his hands on you then you probably deserved it." Plaintiff alleges that "Dunlap's negligence and constant violation of inmates' rights is the reason Wayne County Sheriff's Deputies continue to violate inmates' rights daily."

Next, Plaintiff argues that his Fourth Amendment right to be free from unreasonable searches and seizures was violated by Defendants Lieutenants Rose and Mitchell and Sergeants Holman and Wilson. Plaintiff claims they subjected him to at least seven unconstitutional strip searches over 80 days. The searches were conducted as punishment rather than for a legitimate penological purpose and executed in a manner that was "demeaning, dehumanizing, undignified, [and] humiliating. Plaintiff claims the searches also violated the Eighth Amendment. Plaintiff further claims that Rose, Mitchell, and Holman subjected him to cruel and unusual punishment by punishing all inmates on a particular floor for misconduct by just a few inmates.

Plaintiff claims that Defendant Sergeant Dennis subjected him to unequal treatment when he relocated Plaintiff to a different unit. According to Plaintiff, there was no legitimate reason for the move, and it was motivated by discrimination against Arab American inmates.

Plaintiff claims that Wayne County's policies and customs resulted in an unconstitutional failure to protect inmates. He seeks monetary

damages and injunctive relief.

(*Id.*, PageID.35-36) (record citations omitted).

Upon screening the complaint, the district court dismissed Abdofara's Twelfth Amendment claim, his claims against Bulifant, and his Eighth Amendment claims, construing his claim regarding unconstitutional strip searches as asserted under the Fourteenth Amendment. (*Id.*, PageID.39-40). The district court also denied Abdofara's attempt to pursue his lawsuit on behalf of similarly situated individuals. (*Id.*, PageID.41).

Defendants executed waivers of service on April 30, 2025 and filed their motion to sever on June 30, 2025, the day their answers were due. (ECF No. 21). Abdofara responded to the motion (ECF No. 23) and defendants have filed a reply (ECF No. 27).

On July 21, 2025, Abdofara filed a motion to consolidate this case with another case he has filed, which has some overlapping defendants. (ECF No. 24). Defendants have responded to the motion (ECF No. 26). Abdofara did not file a reply and the time for doing so has passed.

### III. Discussion

#### A. Motion to Sever

##### 1. Standard

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any

time, with or without motion, add or drop a party for misjoinder or nonjoinder. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, and Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Where a complaint names multiple defendants, a court first looks to Rule 20 to determine whether the joinder of defendants was proper:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (quoting 7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice &

5

Procedure Civil § 1655 (3d ed. 2001)).

Thus, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal citation omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved[;] and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

"In determining which claims should survive, the common practice is to see which transactions sufficiently relate to those that are alleged to occur first in time, allowing claims based on those transactions to go forward." *Claybron v. DeAngelo*, No. 2:21-CV-11953, 2022 WL 19518408, at *5 (E.D. Mich. Dec. 9, 2022) (citing *Burley v. Weller*, No. 2:22-CV-10748, 2022 WL 1667028 (E.D. Mich. May 25, 2022); *Lewis v. Greason*, No. 2:21-CV-11939, 2021 WL 4710784 (E.D. Mich. Oct. 7, 2021); *Person v. Mich. Dep't of Corr.*, No. 2:21-CV-181, 2021 WL 5782473 (W.D. Mich. Dec. 7, 2021)), *report and recommendation adopted,*

No. 21-CV-11953, 2023 WL 2572456 (E.D. Mich. Mar. 20, 2023).

2. Application

Defendants say that Abdofara has "misjoined five factually-independent legal claims against different sets of Defendants." (ECF No. 21, PageID.80). They accurately state the remaining claims as against

1. Former Corporal Frank Sumbera regarding a physical altercation that allegedly occurred on October 25, 2024;

2. Chief Robert Dunlap for making an antagonistic comment towards him on an unspecified date;

3. Captain Mitchell, Lt. Rose, Sgt. Turton-Holman, and Mr. Wilson regarding alleged retaliatory or without "probable cause" strip searches from October 1 to December 20, 2024;

4. Captain Mitchell, Lt. Rose, and Sgt. Turton-Holman for "punishing" him for other inmates starting a fight on November 15, 2024; and

5. Defendant Sergeant Dennis for rehousing him for racially-motivated reasons.

(*Id.*). Defendants say that Abdofara should only be able to proceed on his claim against Sumbera.

In response, Abdofara states that his claims arise out of the same series of events that transpired at a single place, the Wayne County Jail, but he does so in conclusory fashion, and he does not explain how the events involving Sumbera in October 2024 relate to Dunlap's antagonistic comment, the strip searches, the punishment for fighting, or the racially-motivated relocation. Abdofara also notes

7

that some of the cases cited by defendants involved claims occurring at different facilities.

Additionally, Abdofara says that joinder of his claims is supported by *Ewing v. Wayne Cnty. Sheriff*, No. 2:22-CV-11453, 2023 WL 3168665 (E.D. Mich. Apr. 26, 2023). He says that in *Ewing*, "[p]laintiffs filed a complaint against more than seven Wayne County employees alleging multiple claims that include[d] suspension of personal visitation, suspended recreation, [and] denial of medical treatment[.]" (ECF No. 23, PageID.112-113). The *Ewing* court dismissed additional claims against Third Judicial Circuit Court defendants that primarily concerned speedy trial violations but allowed the claims against Wayne County employees to proceed as joined. *Ewing*, 2023 WL 3168665 at *2.

Defendants respond that the *Ewing* court did not address whether the Wayne County claims were properly- or mis-joined. Defendants also point out that there is no legal authority to support Abdofara's argument that claims against multiple defendants for unrelated harms may proceed in a single lawsuit if all the events occurred at the same facility. Moreover, in *Ewing*, all of the claims against Wayne County employees related to policies in response to the COVID-19 pandemic. *Id.* at *1. That is not the case here, where the allegations are varied and unrelated, even if they all occurred at the same facility. Thus, *Ewing* does not support a finding that joinder of Abdofara's unrelated claims is proper. In sum, because

8

Abdofara's complaint contains multiple unrelated allegations against different groups of defendants, these claims are misjoined.

Under Rule 21, misjoined claims or parties may be "dropped on such terms as are just[.]" *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572-73 (2004) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time....' "); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties." *See Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases).

Therefore, Abdofara's claims against Dunlap, Rose, Mitchell, Holman, Wilson, and Dennis should be dismissed without prejudice to Abdofara's right to file new complaints against properly joined defendants.[3]

---

[3] Defendants acknowledge that claims three and four may be properly joined, as they involve an overlapping group of defendants, but argue that they do not overlap with claims one, two, or five.

9

B.  Motion to Consolidate

1.  Standard

Rule 42(a) permits, but does not require, a court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019). "The court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id.*

Under Eastern District of Michigan Local Rule 42.1,

> (a) A party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must:
>
>> (1) file a motion in the case with the earliest case number; and
>>
>> (2) file a notice of the motion in each related case.
>
> (b) The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent.
>
> (c) If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case.

*See also State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care, P.C.*, No. CV 17-11721, 2018 WL 2194019, at *7 (E.D. Mich. May 14, 2018) (noting that the motion to consolidate must be filed in the case with the earliest case number, with

notice of the motion filed in each related case).

2. Application

As noted above, Abdofara seeks to consolidate this case with *Abdofara v. Wayne County Sheriff's Office et al.*, Case No. 2:24-cv-12017. At the onset, Abdofara did not comply with Local Rule 42.1, set forth above, which requires that he file the motion to consolidate in the earlier filed case, which has a lower case number. Nor did Abdofara file a notice of this motion in the earlier case. Therefore, his motion could be denied simply for failing to follow Local Rule 42.1.

However, as to the merits of the motion, Abdofara has again offered no more than a conclusory statement that the two cases involve the same set of transactions or occurrences. In addition, of the eight defendants remaining in the earlier filed case, only one (Rose) is also a defendant in this case. As discussed above, the undersigned recommends that Rose and all other defendants except for Sumbera be dismissed for improper joinder. Thus, there is not currently a significant overlap in defendants and if the above recommendation is adopted, there would be none. Consolidating Abdofara's two cases would result in more misjoined parties and claims and would not serve the interests of judicial economy. As such, the motion to consolidate should be denied.

IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that

11

defendants' motion to sever the complaint (ECF No. 21) be GRANTED and Abdofara's motion to consolidate cases (ECF No. 24) be DENIED.  If this recommendation is adopted, the case would proceed against Sumbera on Abdofara's claim that Sumbera assaulted him based on his ethnicity in violation of the Fourteenth Amendment and Abdofara's claims against Rose, Mitchell, Holman, Wilson, and Dennis would be DISMISSED WITHOUT PREJUDICE.

Dated: October 9, 2025　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager