UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ABDOFARA,

       Plaintiff,

v.

ROBERT DUNLAP, et al.,

       Defendants.

_____/

Case No. 2:25-cv-10035
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 31) AND DISMISS THE CASE FOR FAILURE TO PROSECUTE[1]**

I.      Introduction

This is a prisoner civil rights case. Plaintiff Majid Abdofara, proceeding *pro se* and *in forma pauperis*, while a pretrial detainee at the Wayne County Adult Detention Center, filed a complaint naming Robert Dunlap, Alan Bulifant, Sumbera, Rose, Mitchell, Holman, Wilson, and Dennis as defendants, asserting claims under the Fourth, Eighth, and Twelfth Amendments. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 8). Following motion practice, only plaintiff's claim against Sumbera

---

[1] The undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

remains.  (ECF No. 29).

Before the Court is Sumbera's motion to dismiss on the grounds that plaintiff has failed to prosecute the case.  (ECF No. 31).  For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED and the case be dismissed for failure to prosecute.

## II.    Background

Plaintiff filed his complaint on January 6, 2025. (ECF No. 1).  On January 7, 2025, the Court notified plaintiff of his obligations under Local Rule 11.2 to "promptly" update his contact information, stating that "failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of [the] case."  (ECF No. 5, PageID.32) (emphasis in original).

On October 30, 2025, the district judge, on recommendation of the undersigned, granted the Wayne County Defendants' motion to sever and denied plaintiff's motion to consolidate this case with a prior case he filed against Wayne County employees in 2024, leaving Sumbera as the sole defendant.  (ECF No. 29).  That same date, the undersigned entered a scheduling order setting a discovery cut-off date of February 27, 2026.  (ECF No. 30).

On January 12, 2026, Sumbera filed the instant motion to dismiss, stating that plaintiff is no longer housed at the Wayne County Adult Detention Center after being convicted and sentenced in state court.  Sumbera further noted that

2

since his transfer from the detention center, plaintiff has not updated his address or otherwise participated in this case.  On that same date, the undersigned directed plaintiff to file a response to the motion by February 12, 2026 and warned plaintiff that "a failure to file a timely response may result in a recommendation that [Sumbera's] motion be granted based on plaintiff's failure to prosecute.  (ECF No. 32).  On January 29, 2026, mail containing that order was returned as undeliverable, with the envelope indicating that plaintiff was no longer at the facility.  (ECF No. 33).

### III.    Legal Standard

Parties who are not represented by counsel must keep the Court informed of their contact information.  E.D. Mich. LR 11.2.  When a *pro se* party fails to promptly update her contact information, they may face sanctions, including dismissal of the complaint.  *Id*.; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020).  "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 736 (6th Cir. 2008).  Moreover, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or

remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Under both Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), the test to determine whether dismissal is warranted is the same: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

IV.    Discussion

As to the first factor, plaintiff was informed of his obligation to provide a current address to the Court. It is clear he has not done so and has in fact been released from the detention center to another unknown correctional facility. Plaintiff has taken no action to change his address with the Court. Nor has plaintiff taken any other action to prosecute his case, as he has not filed a response to Sumbera's motion. The last filing from plaintiff was his motion to consolidate filed on July 21, 2025. (ECF No. 24). These actions amount to a failure to prosecute. This factor favors dismissal.

As to the second factor, Sumbera has been prejudiced because plaintiff has not filed a response to his motion to dismiss or otherwise participated in the case.

4

This factor favors dismissal.

The third factor has also been satisfied.  Plaintiff was warned in a notice of his responsibility to update his address or his case could be dismissed.  (ECF No. 5).  He was also warned that a failure to file a response to Sumbera's motion may result in a recommendation that his case be dismissed for failure to prosecute. (ECF. No. 32).

Finally, as to the fourth factor, there are no meaningful remedies left other than dismissal.  It appears that plaintiff has abandoned his case.  Issuing sanctions less severe than dismissal would be futile as it seems that plaintiff has no intention of pursuing the case, and there is no reason to think he will continue with the case under less severe sanctions.

In sum, plaintiff's failure to notify the Court or defense counsel of his new address and failure to take any action whatsoever since July of 2025 warrants dismissal.

V.    Conclusion

For the reasons stated above, it is RECOMMENDED that Sumbera's motion to dismiss be GRANTED.

The case should be DISMISSED due to plaintiff's failure to provide an updated address in violation of Local Rule 11.2 and for lack of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2.

Dated: February 19, 2026                          s/Kimberly G. Altman
Detroit, Michigan                                 KIMBERLY G. ALTMAN
                                                  United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

6

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager

7